JOSEPH S. PARKER, JR., as Administrator of the Estate of VIRGINIA B. PARKER, Deceased, Appellant, v. CITY OF NEW YORK, Respondent.— Deeming this application as one made under section 1523 of the Civil Practice Act, as well as section 1522, the order is unanimously affirmed, with $20 costs and disbursements to the respondent. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ.

■

In the Matter of MORRIS GOLDBERG, Appellant, against JOSEPH D. McGOLD-RICK, as State Rent Administrator, Respondent.— Order unanimously affirmed, with $20 costs and disbursements. No opinion. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ.

■

LOUIS MANDEL v. MAX LIEBMAN.—The plaintiff-appellant has moved for reargument, or, in the alternative, for a correction of the *Per Curiam* opinion in this appeal (277 App. Div. 1097). Appellant applies for this relief upon the basis that the contention was not made by defendant below that the contract in suit was unconscionable and void and, further, that plaintiff's counsel did not make the concession mentioned in the *Per Curiam* opinion that plaintiff rendered no services under the earlier contract. In view of the latter averment, we eliminate from the opinion the clause at the end of the first paragraph, reading as follows: " or, if he were to do so, it was conceded on the argument that he rendered none, and thus the earlier contract would, in any event, have been broken by plaintiff before the second contract was made", upon the assumption that when plaintiff's counsel made that statement upon the argument in answer to a question addressed to whether plaintiff rendered services under the first agreement, counsel thought that the question referred to the second agreement. The elimination of this concession does not alter the result, however, inasmuch as the complaint was properly dismissed upon the other grounds mentioned in the *Per Curiam* opinion, in addition to the circumstance that plaintiff's affidavit of services rendered under the first agreement is without force being conclusory only. The assertion is not supported by the record that the ground was not raised in the trial court that the contract in suit was void and unconscionable, but the contrary appears from the trial brief there submitted on behalf of defendant, as shown by answering affidavit on this motion. In any event, any sufficient ground may be raised on appeal to sustain a judgment or order which could have been addressed to the lower court. Appellant's motion for reargument is denied and the motion for change in the opinion granted so as to omit the concession by plaintiff's counsel above mentioned. Settle order on notice. Present — Peck, P. J., Glennon, Dore, Van Voorhis and Shientag, JJ.

■

In the Matter of the Arbitration Between SIDNEY F. KANFER, Appellant, and BURLINGTON MILLS CORPORATION, Respondent.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ. [See *ante,* p. 554.]

■

In the Matter of IRWIN SLATER.— Motion for leave to appeal to the Court of Appeals denied. Present — Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ. [See 277 App. Div. 459.]